## The Giglio v. The Britannia.

### (*District Court, S. D. New York.* June 7, 1887.)

**1. Carrier—Damage to Cargo—Bill of Lading—"Breakage or Leakage"— Liability.**

The steam-ship B. delivered in New York certain cases of olive oil. Some were entirely empty, and some partly empty, on delivery. The bill of lading exempted the carrier from responsibility for "breakage or leakage." It appeared by the evidence that the leaks were caused by some persons tampering with the cases while in the carrier's custody. *Held,* that for such violence to the cases the carrier was responsible. The presumptions are against reasonable care on the part of the ship when such a cause of loss is proved.

In Admiralty.

*D. & T. McMahon,* for libelant.

*Benedict, Taft & Benedict,* for claimants.

Brown, J. The libelant claims damages for the injury and loss sustained in the transportation of some olive oil from Genoa to New York, in November, 1884. There were 49 wooden boxes or cases, containing each four hermetically sealed cans of oil. On delivery, some of the cans were wholly empty, some partly empty, and some of the boxes so soaked with oil as to be unmerchantable. The bill of lading exempted the carrier from responsibility for "breakage or leakage." The defense would prevail, therefore, unless it appeared that the loss arose through some want of care or some negligence on the part of the carrier. The burden of proving this is upon the libelant. *The Vaderland,* 18 Fed. Rep. 733, 739–741, and cases cited; *The Invincible,* 1 Low. Dec. 225; *Richards* v. *Hansen,* 1 Fed. Rep. 54; *The Sabioncello,* 7 Ben. 358.

The libelant had long been accustomed to import such oil from the same region in Italy, and from the same consignors. It was put up in the same manner as these cases, and no similar loss or injury had before occurred. The supplementary proof shows that the cases were shipped in good condition. In the present case the evidence leaves no doubt that the leak was caused by some persons tampering with the cases for the purpose of extracting oil, while the cases were in the carrier's custody, and that the loss arose in part, probably, from the abstraction of oil, and in part from leakage, through nail holes made in the cases for the purpose of extracting oil. For such violence done to the cases, and to the cans, the carrier is responsible. There is nothing in the bill of lading that excepts larceny, or such a cause of loss; and the presumptions are also against reasonable care on the part of the ship when such a cause of loss is proved.

Decree for the libelant, but, inasmuch as upon the original hearing of the cause the libelant's proofs were insufficient, the decree must be without costs to either party.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.